IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFERY P.,[1] | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-00120 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | By: Elizabeth K. Dillon |
|    Commissioner of Social Security, | ) |     United States District Judge |
| | ) | |
|    Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Jeffery P. brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying his claim for supplemental security income (SSI) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 22.)

Jeffery timely filed written objections (Dkt. No. 23), and the commissioner filed a response (Dkt. No. 24). After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Jeffery's objections mostly repeat the arguments he made in his brief before the magistrate judge and thus fail to trigger de novo review with the exception of one argument in his first objection. The court rejects these rehashed arguments and the argument where it applies de novo review, and it will adopt the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

1

recommendation in full. Accordingly, the court will grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R. & R. 2–3, Dkt. No. 22.)

## II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Jeffery's Objections**

Jeffery raises three objections to the report, and all three are mostly the type of "rehashed objections" that the *Heffner* and *Felton* courts concluded could be rejected. *See id*. That is, he made the same arguments in his summary judgment briefing before the magistrate judge. Even if the court were to consider the rehashed objections de novo, it would conclude that the magistrate judge's reasoning is correct and the ALJ's determination is supported by substantial evidence.

In his first objection, he contends that the report erred in concluding that the ALJ's discussion of his mental limitations satisfies the requirements of SSR 96-8p. (Pl.'s Objs. 3, Dkt. No. 23.) In particular, Jeffery argues that ALJ addressed "the skill level of work plaintiff can perform but did not address plaintiff's ability to sustain work activity over the course of an eight hour work day." (*Id*. at 1–2.) Thus, he contends that the report "attempts to build a logical bridge between the evidence and the ALJ's findings that the ALJ did not build in his decision." (*Id*. at 2.)

As noted, the court finds that this objection is largely a rehashing of his prior arguments before the magistrate judge. (*Compare* Pl.'s Objs. 1–4 *with* Pl.'s Mem. Supp. Mot. Summ. J. 30–33, Dkt. No. 15.) Nonetheless, because Jeffery raises one alleged error that is specific to the report, the court considers the objection de novo. Specifically, as part of his first objection, Jeffery asserts that the report "erroneously combines the limitations of concentration, persistence and pace into one function instead of three distinct functions." (Pl.'s Objs. 2.)

The report did not explicitly examine the record evidence concerning Jeffery's ability to maintain concentration, persistence, and pace individually. However, Jeffery fails to cite any authority for his contention that assessing these functions together is improper. Furthermore, the report specifically discussed and analyzed the opinions of Drs. Gardner, Milan, and Insinna as to Jeffery's limitations in concentration, persistence, and pace, their opinions on his social interactions, and the weight the ALJ gave to each doctor's opinion. (R. & R. 7–12.) The report concludes that "the ALJ has fulfilled his duty" to "give weight to each opinion in the record and explain the conclusion reached." (*Id*. at 12.) Therefore, the report correctly found that the ALJ's analysis about Jeffery's mental limitations supported his conclusions as to the RFC and thus satisfied the requirements of SSR 96-8p. This objection is overruled.

Jeffery's second objection is that the ALJ failed to address Jeffery's documented manipulative limitations in his RFC findings. (Pl.'s Objs. 4.) This is the same argument Jeffery made before the magistrate judge. (*Compare* Pl.'s Objs. 4–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 33–36.) The report notes that the ALJ discussed "[Jeffery's] symptoms, his resulting limitations, the medical evidence, the medical opinions, [Jeffery's] testimony, his credibility, and conflicting medical evidence." (R. & R. 13.) Even if the court were to consider de novo Jeffery's objection that the ALJ did not consider his testimony that he "has to move and cannot just stand in place" and "it is not enough to just stand up after sitting" (Pl.'s Objs. 4), the ALJ's decision is supported by substantial evidence, and the magistrate judge's reasoning is correct.

It is true that Jeffery testified that he had to change positions frequently and move. (R. 52–53, 60–62.) But the ALJ did not ignore this testimony, as Jeffery complains; he simply did not find the testimony credible. The ALJ specifically acknowledged that, according to Jeffery's testimony, he "needs to change positions constantly," has a "limited ability to sit, stand, or perform tasks for any extended period," and could sit only for "five to six minutes and stand ten to fifteen minutes before needing to change positions." (R. 27.) But the ALJ did not find Jeffery's description of his own limitations credible because they were not supported by the medical evidence. (*Id.*) Thus, he did not include them in the RFC. That decision was supported by substantial evidence. Further, as the report acknowledges, the ALJ specifically inquired at the hearing whether the jobs identified by the vocational expert would allow Jeffery to work with some similar, although not identical, limitations. (R. & R. 13 n.3.) Therefore, the court overrules this objection.

In his third and final objection, Jeffery contends that the ALJ's credibility determination about his testimony was not supported by substantial evidence. Specifically, Jeffery argues that

5

the report does not acknowledge the ALJ's failure to address Jeffery's allegations regarding his manipulative limitations and that the ALJ assumed his sporadic work history was not because of his impairments. (Pl.'s Objs. 5–6.) However, Jeffery raised these arguments to the magistrate judge (*compare id. with* Pl.'s Mem. Supp. Mot. Summ. J. 36–39), and the magistrate judge correctly concluded that "[s]ubstantial evidence supports the ALJ's determination" concerning Jeffery's credibility. (R. & R. 17.) The court also overrules this objection.

III. CONCLUSION

After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court finds that the Jeffery's objections mostly repeat the arguments he made in his brief before the magistrate judge and thus fail to trigger de novo review. Even if the court were to review them de novo, the court rejects these rehashed arguments, finds that the ALJ's decision is supported by substantial evidence, and concludes that the ALJ applied the correct legal standards. With regard to the specific objection addressing an alleged error in the report regarding the combination of concentration, persistence, and pace limitations, de novo review also results in the overruling of the objection. Accordingly, this court will overrule Jeffery's objections and adopt the magistrate judge's recommendation. The court will therefore grant the commissioner's motion for summary judgment and deny Jeffery's motion for summary judgment.

An appropriate order will be entered.

Entered: September 27, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge